EXHIBIT 1

**DREHER LAW FIRM**
Robert Scott Dreher (CSB# 120527)
350 W. Ash, Suite 101
San Diego, California 92101
Telephone: (619) 230-8828
Email: *scott@dreherlawfirm.com*

**IREDALE & YOO, APC**
Eugene G. Iredale (CSB #75292)
Julia Yoo (CSB #231163)
105 West F Street, Fourth Floor
San Diego, CA 92101
Telephone: (619) 233-1525
Email: *eiredale@iredalelaw.com*
Email: *lfreidenberg@iredalelaw.com*

Attorneys for Plaintiffs

**MARA W. ELLIOTT, CITY ATTORNEY**
GEORGE F. SCHAEFER, Assistant City Attorney
Marni von Wilpert (CSB # 321447)
Office of the San Diego City Attorney
1200 Third Avenue, Suite 1100
San Diego, CA 92101
Telephone: (619)- 533-5800
Email: *mvonwilpert@sandiego.gov*

Attorneys for Defendant

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC ARUNDEL, OWEN BOYER, JEFF HAYES, ROBERT KELSEY, ALEXIS LEFTRIDGE, RICHARD MELVIN, MICHAEL SANDERS, DEBRA SMITH, RICHARD STEVENSON, and SHERI PASANEN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE CITY OF SAN DIEGO,<br><br>Defendant. | Case No. 17cv01433 WVG<br><br>Assigned to Hon. William V. Gallo<br><br>***CLASS ACTION***<br><br>**SETTLEMENT AGREEMENT AND STIPULATION TO CONTINUING JURISDICTION – 28 U.S.C. 636(c)** |

**SETTLEMENT AGREEMENT, CIVIL ACTION NO. 17cv01433 WVG – Page - 1 -**

IT IS HEREBY STIPULATED AND AGREED by and between the Plaintiff CLASS REPRESENTATIVES, individually and on behalf of all others similarly situated, by and through Dreher Law Firm and Iredale & Yoo, APC on the one hand, and Defendant CITY OF SAN DIEGO by and through the Office of the San Diego City Attorney on the other hand.

## I. DEFINITIONS

For purposes of this Agreement, the following terms shall have the meanings specified below:

**A.  Settlement Agreement and Stipulation to Continuing Jurisdiction ("Settlement Agreement"):** Refers to this document and exhibits hereto entered under the auspices of United States District Court Magistrate Judge William V. Gallo on June 24, 2019, resolving the claims of the parties and subjecting the terms of the resolution to the continuing jurisdiction of the Court.

**B.  Complaint:** Refers to the Amended Class Action Complaint for Injunctive and Declaratory Relief Against Violations of the United States Constitution and the Constitution and Laws of the State of California, filed on January 19, 2018, in the U.S. District Court, Southern District of California, as Civil Case No. 17-CV-01433 BEN (BLM) [ECF No. 20].[1]

**C.  Plaintiffs:** Refers to and constitutes the persons described in Paragraphs 3 through 8 of the Complaint herein, including individuals as defined in the Stewart B. McKinney Homeless Assistance Act, 42 U.S.C. §11301 *et seq.*, as persons who lack a fixed, regular, and adequate nighttime residence in the City of San Diego who have received citations, and/or have otherwise been arrested during the defined class period set forth in the Complaint for violation of the Encroachment Ordinance pursuant to San Diego Municipal Code ("SDMC") section 54.0110.

---

[1] Upon agreement of the Parties, this case was transferred to the jurisdiction of Magistrate Judge William V. Gallo, with new case No. 17-CV-01433-WVG [ECF No. 45].

**D.** **Answer**: Refers to the Defendant City of San Diego's Answer to Plaintiffs' Amended Complaint in this action, filed on January 31, 2018 [ECF No. 21].

**E.** **Defendant:** Refers to the City of San Diego and its principals, agents, employees, departments, and/or agencies, including but not limited to the San Diego Police Department and San Diego Police Department officers and staff.

**F.** **Parties:** Refers to the parties to this settlement agreement, who are the Plaintiffs and Plaintiff Class, and Defendant City of San Diego.

## II. RECITALS

WHEREAS, on July 17, 2017, in the United States District Court, Southern District of California, Plaintiffs filed a class action lawsuit Complaint against the City of San Diego. On January 19, 2018, Plaintiffs filed the Amended Complaint. Plaintiffs alleged in those filings that the Defendant violated Plaintiffs' Fourth Amendment rights against unreasonable search and seizure, Fourteenth Amendment rights to Due Process and Equal Protection of the law, cruel and unusual punishment under the Eighth Amendment, and various provisions of California law due to the Defendant's interpretation and enforcement of SDMC section 54.0110, "Unauthorized Encroachments Prohibited;" and

WHEREAS, on January 31, 2018, the City of San Diego filed its Answer and denied all the allegations set forth therein; and

WHEREAS, the Parties and their counsel conducted discovery and participated in mediation sessions, settlement conferences, candid meetings, and dialogues regarding the legal and factual issues and positions involved in the case; and

WHEREAS, during the Settlement Conference sessions before Magistrate Judge William V. Gallo, the Parties reached agreement on: the creation of specific new procedures which the City of San Diego, including the San Diego Police Department, will use in enforcing SDMC section 54.0110; periodic review of the effects of those new procedures on a quarterly or other basis by the Parties and the Court, as necessary and/or requested; and agreement that the City of San Diego will open at least one new

storage facility in City of San Diego, providing up to 500 storage "bins" beginning November 2019 for use by homeless persons to store their personal belongings; and

WHEREAS, the Parties and their counsel now believe that it is in their respective best interests to enter into this Settlement Agreement.

ACCORDINGLY, in consideration of the foregoing Recitals and the covenants, promises, and conditions herein, the Parties now desire to resolve the claims set forth in the lawsuit, subject to approval by this Court for the purpose of effecting the resolution, and hereby agree to the following terms of settlement:

### III. SETTLEMENT AGREEMENT

1. The Parties will cease active litigation of this matter;
2. The Parties stipulate that this matter shall be subject to the continuing jurisdiction of Magistrate Judge William V. Gallo, United States District Court, Southern District of California, in order to provide for and enable the monitoring of the Parties' compliance with the Settlement Agreement, by way of periodic review as necessary and/or requested by the Parties; and
3. The Parties agree to dismiss the Litigation upon approval of this Settlement Agreement by the Court, with the Court retaining continuing jurisdiction over this matter for purposes of interpreting, monitoring, and enforcing this Settlement Agreement; and
4. Defendant City of San Diego agrees to implement and adopt new official written procedures for the training of officers, as set forth in the San Diego Police Department Training Bulletin No. 19-10 titled, "Unauthorized Encroachments Prohibited – SDMC 54.0110" published on July 3, 2019, attached hereto as Exhibit A; and
5. The Parties agree that the intent of this settlement is to ensure that public rights-of-way (PROW) can be kept clear and unencumbered for reasonable use by all people, while ensuring that people with nowhere to place themselves or their belongings are not punished for reasonable use of public

space that does not infringe on others' use of PROW, and that arrests and citations for such are not issued absent the presence of objective factors set forth in the Training Bulletin;

6. Defendant City of San Diego is opening a new storage facility in the City of San Diego beginning November 2019, for use by homeless persons to store their personal belongings, provided there continues to be demand for the service. The City of San Diego will initially provide 50 "bins" at the new facility and, to meet demand for this service, the City may increase capacity to the maximum physical capacity of the current site and not to exceed 500 "bins." The Parties acknowledge and accept that the City will initially locate this facility near the terminus of Lea Street and that, should the City later need that location for another purpose, the City may relocate the facility to another location, but it must be near a known homeless population where the service is likely to be in demand with reasonably similar access to transit service as the Lea Street Facility location; and

7. The Parties have met and conferred and agreed that Defendant City of San Diego will pay reasonable attorney's fees and costs to Plaintiffs' co-counsel, in the amount of $49,000.00, as approved and allowed by the Court in its discretion and set forth in more detail in the Stipulation filed herewith; and

8. The Parties agree that this Settlement Agreement represents a compromise and settlement of disputed claims, designed to avoid the time, expense and uncertainty of protracted litigation in this Court. Nothing in this Settlement Agreement is intended to or will be construed as an admission by Defendant that the Plaintiffs' claims in the lawsuit have merit nor that it has any liability to Plaintiffs or the Class on those claims, nor is it an admission by Plaintiffs that Defendant's defenses in the action have any merit.

//

//

## IV. FAIRNESS OF SETTLEMENT

The Parties agree that the settlement terms set forth in this Agreement are fair, just, reasonable, adequate and equitable to the Class Members and the Defendant, are the product of good faith, arms-length negotiations between the Parties, are consistent with public policy, and comply with applicable provisions of law.

## V. CLASS CERTIFICATION

The Parties recognize and agree that the City has formally modified its procedures and actions in regards to enforcement of SDMC section 54.0110 without limitation to the named Plaintiffs. As such, the City has acted on grounds that apply generally to the putative class alleged by the Plaintiffs on whose behalf they have brought and prosecuted this Litigation. The Parties further agree that this Settlement Agreement relates to all such persons and that final injunctive relief is therefore appropriate respecting those persons as if such class had been certified under Federal Rule of Civil Procedure 23(b)(2), inasmuch as Plaintiffs are not seeking individual relief or monetary damages.

The Parties agree that this settlement agreement takes immediate effect as it has been approved the requisite City of San Diego authorities, including but not limited to the Mayor, and Chief of Police, and that the Court retains jurisdiction for the purposes of enforcing the Settlement Agreement.

## VI. INJUNCTIVE RELIEF

The Parties agree that the San Diego Police Department Training Bulletin No. 19-10 titled, "Unauthorized Encroachments Prohibited – SDMC 54.0110" published on July 3, 2019, attached hereto as Exhibit A and referenced above will inform and guide future enforcement practices of SDMC section 54.0110. The Parties further agree that the terms and provisions of the three-page Training Bulletin are attached hereto and incorporated herein by reference as Exhibit A and made a part of this Settlement Agreement as though fully set forth herein.

//

## VII. MUTUAL FULL COOPERATION

The Parties agree to fully cooperate with each other to accomplish the terms and intent of this Settlement Agreement including but not limited to execution of documents, provision of data and statistics upon request regarding numbers, bases, and nature of arrests, and citations issued, regarding SDMC section 54.0110, and other such action as may reasonably be necessary to implement and evaluate the terms, intent, and compliance of this Settlement Agreement.

The Parties shall use their best efforts, including all efforts contemplated by this Settlement Agreement, and any and all other efforts that may become necessary by order of this Court, to effectuate this Settlement Agreement and the terms set forth herein. In the event the Parties are unable to reach agreement on such efforts, or on any supplemental provisions or agreements that may become necessary to effectuate this Agreement, the Parties agree to seek the assistance of the Court, Magistrate Judge William V. Gallo, under the Stipulation to Continue Jurisdiction under 28 USC section 636(c).

## VIII. GENERAL PROVISIONS

**A.** The Parties intend this Settlement Agreement to be a final and complete resolution of all disputes between and among the parties hereto with respect to the Litigation. The Settlement Agreement compromises claims that are contested and shall not be deemed an admission by any Party as to the merits of any claim or defense. The Settlement Agreement was negotiated in good faith by the Parties and reflects a settlement that was reached voluntarily after consultation with competent legal counsel. The Parties agree that this Settlement Agreement is a fair, adequate and reasonable resolution of the claims of the Complaint.

**B.** Class Counsel warrants and represents that it is authorized by Plaintiffs, and counsel of record for the Defendant warrants that it is authorized by Defendant, to take all appropriate action required to carry out the terms of this Settlement Agreement.

C. For the purposes of construing or interpreting this Settlement Agreement, the Settlement Agreement is deemed to have been drafted equally by all parties hereto, and shall not be construed strictly for or against any party.

D. Signatories: Any individual executing this Settlement Agreement, or any related document, on behalf of the City of San Diego, who as shown by the signature blocks below, hereby warrants and promises for the benefit of all Parties that he or she has been duly authorized by the City of San Diego to execute this Agreement; and Class Counsel for Plaintiffs, as shown by the signature blocks below, hereby warrants and promises for the benefit of all Parties that he or she has been duly authorized to execute this Settlement Agreement on behalf of the Plaintiffs.

IN WITNESS WHEREOF, the parties hereto and their respective counsel of record have executed this Settlement Agreement on the dates indicated below.

IT IS SO AGREED:

**CITY OF SAN DIEGO**

Dated: October 22, 2019

By: Kris Michell
Chief Operating Officer

and

**DREHER LAW FIRM**

Dated: October 17, 2019

By: Robert Scott Dreher
*Attorney for Plaintiffs*

and

**IREDALE & YOO, APC**

Dated: October 21, 2019

By: Eugene G. Iredale
Julia Yoo
*Attorneys for Plaintiffs*

//
//

|||
|---|---|
| | APPROVED AS TO FORM: |
| | SAN DIEGO CITY ATTORNEY |
| Dated: October 21, 2019 | *[signature]* |
| | By: Marni von Wilpert, Deputy City Attorney |
| | *Attorney for Defendant City of San Diego* |

**IT IS SO ORDERED.**

Dated: _____

_____
Hon. William V. Gallo,
United States District Court Magistrate Judge

# EXHIBIT A

## San Diego Police Department

### TRAINING BULLETIN

A PUBLICATION OF THE SAN DIEGO POLICE DEPARTMENT

DAVID NISLEIT
CHIEF OF POLICE

19-10                                                                July 3, 2019

### UNAUTHORIZED ENCROACHMENTS PROHIBITED - SDMC 54.0110

**I.   BACKGROUND**

Unauthorized Encroachments Prohibited – San Diego Municipal Code section 54.0110 (hereafter "Encroachment") states:

> It is unlawful for any person to erect, place, allow to remain, construct, establish, plant, or maintain any vegetation or object on any public street, alley, sidewalk, highway, or other public property or public right-of-way, except as otherwise provided by this Code.

The police response to areas affected by Encroachment applies to everyone whose property is blocking the public right-of-way, with the goal of:

- Allowing equal, open, and unrestricted access to the public right-of-way.
- Maintaining safe and healthy public rights of way.

Officers may enforce Encroachment anywhere in the city, with or without a complaint, at any time.

**II.  PRIOR TO ANY ENCROACHMENT ENFORCEMENT ACTION THE FOLLOWING FACTORS SHOULD BE CONSIDERED:**

A.   What is the size and type of property causing the obstruction? Note property type, size of physical area or square footage obstructed.

B.   Whether there have been citizen complaints? Note the frequency and type of citizen complaints.

1

    C.    Impact of property causing obstruction (e.g., pedestrians walking in traffic lane, lack of wheelchair access). Is the property blocking the public right of way? Is the property interfering with the orderly passage of foot traffic?

    D.    Does the placement of the property of appear to be temporary versus indefinite?

    E.    Inquire about how long was subject's property causing the obstruction? How often is the subject's property there?

    F.    Prior contacts (for what, when and where?).

    G.    Attempt to locate the reporting party and/or any witnesses to the Encroachment. Witness and reporting party statements and information must be included in the reports.

Officers shall consider the totality of the circumstances when determining whether enforcement action is necessary. There may be times when a verbal warning is sufficient to remedy the situation. If enforcement action is taken, officers should take photos of the property that is encroaching.

## III. CITY-WIDE PROGRESSIVE ENFORCEMENT PROTOCOL

When a person is contacted for a potential Encroachment violation, officers shall first conduct a computer check for past Encroachment history. The following progressive enforcement protocol should generally be followed unless other factors exist.

**The first time** a person is contacted for an Encroachment violation, officers should explain the law and provide an opportunity for the person to remedy the situation (as long no other violations are being committed). Officers should explain the person is subject to a citation or arrest if the violation continues. Officers should then offer available storage and/or shelter bed space by contacting the Homeless Outreach Team (HOT). The contact, including details regarding the warning and offer of services, shall be documented on a field interview form.

**The second time** a person is contacted for an Encroachment violation, the officer should re-explain the law and offer storage space and/or shelter bed space. If services are refused, officers should issue an infraction citation.

**The third time** a person is contacted for an Encroachment violation, the officer should re-explain the law and offer storage space and/or shelter bed space. If services are refused, officers should issue a misdemeanor citation.

**The fourth time** a person is contacted for an Encroachment violation, the officer should re-explain the law and offer services and storage space and/or shelter bed. If services are refused, officers may make a custodial arrest for the violation.

If a person is contacted for further Encroachment violations, the officer should re-explain the law and offer services if appropriate. The officer may make a custodial arrest of the subject for each ensuing violation.

Officers have discretion when using progressive enforcement. There are factors that will dictate the level of enforcement officers take, such as: how many times the subject was contacted, how much time transpired between contacts, and where the subject was contacted in the past. If the person contacted is experiencing homelessness, each time officers contact someone, the law and its consequences are explained and services are offered during each encounter.

For questions, please contact Neighborhood Policing Division Sergeant Rich Hinzo at 619 446-1044 or email rhinzo@pd.sandiego.gov.